UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
**MICHAEL MARPLE,**                       )
                                          )
       Petitioner,              )
                                          )   **Civil Action No.**
       v.                       )   **13-12072-FDS**
                                          )
**BRUCE GELB,**                           )
                                          )
       Respondent.              )
_____ )

**MEMORANDUM AND ORDER
ON RESPONDENTS' MOTION TO DISMISS**

**SAYLOR, J.**

       This is an application for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Petitioner Michael Marple was convicted in Massachusetts state court of second-degree murder in 1986. Proceeding *pro se*, Marple now contends that he was denied effective assistance of counsel and that the trial judge failed to properly instruct the jury on malice and reasonable doubt. Respondent Bruce Gelb has moved to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). For the reasons stated below, the motion will be granted.

**I.**    **Background**

       On April 17, 1986, Marple was convicted of second-degree murder and sentenced to life imprisonment. On June 28, 1988, the Massachusetts Appeals Court affirmed his conviction and the Supreme Judicial Court denied further review on October 3, 1988. *Commonwealth v. Marple*, 26 Mass. App. Ct. 150, *review denied*, 403 Mass. 1105 (1988).

       Petitioner filed a motion for a new trial on September 4, 1992. The judge who presided over his trial denied the motion without a hearing on October 1, 1992. On September 2, 1993,

the Massachusetts Appeals Court affirmed the denial of the motion and on September 27, 1993, and the Supreme Judicial Court denied further review. *Commonwealth v. Marple*, 35 Mass. App. Ct. 1103, *review denied*, 416 Mass. 1105 (1993).

On December 29, 2009, petitioner filed a second motion for a new trial, which was again denied by the Superior Court. He filed a timely appeal and then filed a third motion for a new trial. On March 28, 2012, the Massachusetts Appeals Court affirmed the denial of both the second and third motions for a new trial. *Commonwealth v. Marple*, 81 Mass. App. Ct. 1124, *review denied*, 466 Mass. 1101991 (2013). The Supreme Judicial Court again denied further appellate review. *Id.*

On August 28, 2013, petitioner filed this petition for a writ of habeas corpus. Respondent has moved to dismiss the petition as time-barred.

II.     **Analysis**

Effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgments are considered "final" for AEDPA purposes "when the ninety-day period for seeking certiorari expire[s]." *Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004). In cases where a petitioner's conviction became final before the effective date of the AEDPA, the First Circuit has construed § 2244(d) to allow petitioners a one-year "grace period" in which to file a habeas corpus petition. *See Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999).

This grace period began on April 24, 1996, the effective date of the AEDPA, and ended on April 24, 1997. *See Rogers v. United States*, 180 F.3d 349, 355 (1st Cir. 1999).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

As noted, the Massachusetts Appeals Court affirmed petitioner's conviction and the Supreme Judicial Court denied further appellate review on October 3, 1988. His conviction became final ninety days thereafter, on January 1, 1989, when his opportunity to seek certiorari expired. Because his conviction became final prior to the AEDPA's effective date, petitioner was required to file his federal habeas corpus petition within the one-year grace period that ended on April 24, 1997. He did not commence this action until August 26, 2013, more than sixteen years after the one-year grace period expired.

Furthermore, there are no grounds for finding that petitioner's limitation period was subject to statutory tolling under § 2244(d)(2). Petitioner did not submit any "properly filed application for State post-conviction or other collateral review" during the one-year grace period that ended on April 24, 1997. Petitioner's second and third motions for a new trial, filed

respectively in 2009 and 2012, after the one-year grace period, do not restart the one year limitations period.  *See, e.g, Cordle*, 428 F.3d at 48 n.4 ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."); *Dunker v. Bissonette*, 154 F.Supp.2d 95, 103 (D. Mass. 2001) ("the tolling provision [of § 2244(d)(2)] does not give the petitioner the ability to revive an expired grace period by the simple expedient of filing [another] motion for a new trial).  Moreover, petitioner has not established any reason why the limitations period should not apply in this case.  *See  Cordle*, 428 F.3d at 48 (recognizing that petitioner bears the burden of establishing a basis for equitable tolling).

In sum, petitioner failed to file within the time period permitted by the AEDPA.  He has not made any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.  The petition is therefore time-barred under 28 U.S.C. § 2244(d) and must be dismissed.

## III.    Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d).  Respondent's motion to dismiss is GRANTED, and the petition is hereby dismissed with prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 13, 2013