**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MICHAEL MARPLE,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**BRUCE GELB,** )<br>)<br>Respondent. )<br>) | Civil Action No.<br>13-12072-FDS |

**ORDER ON CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

On December 13, 2013, this Court issued an order granting respondent's motion to dismiss.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2254, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not satisfied that standard here. *See Miller-El*, 537 U.S. at 337. Indeed, no reasonable jurist could conclude that this Court erred when it dismissed Marple's Section 2255 motion as untimely. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Therefore, the COA should not issue.

In accordance with the foregoing, a certificate of appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 13, 2013